UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
at LEXINGTON

Eastern District of Kentucky
**F I L E D**

JUL 0 9 2019

AT ASHLAND
ROBERT R. CARR
CLERK U.S. DISTRICT COURT

Civil Action No. 18-296-HRW

LOU CATHERINE MCKINNEY,                     PLAINTIFF,

v.          **MEMORANDUM OPINION AND ORDER**

NANCY A. BERRYHILL,
ACTING COMMISSIONER OF SOCIAL SECURITY,                  DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed her current application for disability insurance benefits on April 14, 2015, alleging disability beginning on September 25, 2013, due to COPD, restless leg syndrome, chronic fatigue, right hip impairment, high blood pressure, ADHD, degenerative disc disease of the lumbar back and depression (Tr. 231). This application was denied initially and on reconsideration. Thereafter, upon request by Plaintiff, an administrative hearing was conducted by Administrative Law Judge Davida Isaacs (hereinafter "ALJ"), wherein Plaintiff testified. At the hearing, Betty Hale, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

Step 1: If the claimant is performing substantial gainful work, he is not disabled.

Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).

Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.

Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.

Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

The ALJ issued a decision finding that Plaintiff was not disabled. Plaintiff was born in 1955. She has a high school education and her past relevant work experience consists of work as a billing clerk.

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability.

The ALJ then determined, at Step 2, that Plaintiff suffers from degenerative disc disease, which he found to be "severe" within the meaning of the Regulations.

At Step 3, the ALJ found that Plaintiff's impairments did not meet or medically equal any of the listed impairments.

The ALJ found that Plaintiff could perform her past relevant work and further determined that she has the residual functional capacity ("RFC") to perform light work with certain restrictions, as set forth in the hearing decision.

The ALJ finally concluded that these jobs exist in significant numbers in the national and regional economies, as identified by the VE.

Accordingly, the ALJ found Plaintiff not to be disabled.

The Appeals Council denied Plaintiff's request for review and adopted the ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment and this matter is ripe for decision.

## II. ANALYSIS

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence supports the conclusion reached by the ALJ." *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir.1997).

On appeal, Plaintiff argues that the ALJ did not properly consider her mental

3

impairments.

The ALJ found no mental impairment which would limit Plaintiff's ability to work. The RFC includes only physical limitations.

There are five opinions in the record which pertain to Plaintiff's mental impairment and the ALJ discussed them all in his decision and also referred to the treatment notes in this regard.

When evaluating medical opinions, an ALJ considers numerous factors, including whether the physician examined the claimant, whether the doctor treated the claimant, the evidence the doctor presents to support his or her opinion, whether the doctor's opinion is consistent with the record as a whole, and the doctor's specialty. 20 C.F.R. § 416.927.

An ALJ may discount a physician's opinion, treating or otherwise, when the physician does not provide objective medical evidence to support his or her opinion or if the doctor's opinion is inconsistent with the record as a whole. 20 C.F.R. § 416.927.

In addition, although a physician's opinion about what a claimant can still do or the claimant's restrictions may be relevant evidence, such opinions are not determinative because the ALJ has the responsibility of assessing the claimant's RFC. 20 C.F.R. §§ 416.912(b)(2), 416.913(b)(6), 416.927(d)(2), 416.945(a)(3), 416.946.

The first opinion, rendered in August 2013, was provided by Harwell Smith, Ph.D., at the behest of Plaintiff's counsel. In his report, he states that Plaintiff primarily complained of physical problems, but also reported difficulty with focus and concentration (Tr. 186). On examination, she was oriented, could read at a tenth-grade level, could write a sentence, and do simple addition, subtraction, and division in her head, but had difficulty with multiplication (Tr. 188). She was able to remember three out of three items immediately, but only two out of three

4

items after seven minutes (Tr. 188). She reported a stable mood, although she had recently experienced some tearfulness over the death of her aunt (Tr. 189). She was diagnosed with depression in partial remission and a mild neurocognitive disorder (Tr. 189). Dr. Smith opined that Plaintiff could understand, remember, carry out, and make judgments on simple tasks, but would be moderately to markedly impaired in her ability to handle detailed tasks (Tr. 189). He further opined that she was moderately to markedly limited in dealing with pressures and changes in the work setting (Tr. 189).

The ALJ discussed this opinion but gave it little weight as it was authored during a time period during which Plaintiff was found not to be disabled by a prior ALJ in regard to another application for DIB. As his opinion was rendered outside the relevant period, the ALJ did not err by discounting it.

The next opinion was rendered by Edd Easton-Hogg, Psy.D. in July 2015. His report states that on examination, Plaintiff was appropriately groomed and dressed (Tr. 646). She could spell "world" backwards, remember six digits forward and three backwards, and perform serial threes (subtract three from 20 repeatedly), all tests of attention and concentration; she could also perform simple arithmetic calculations (Tr. 647). Dr. Easton-Hogg noted that Plaintiffs attention and concentration "appeared adequate" and that she had no deficits in memory (Tr. 647). However, he opined that her fund of knowledge was below average, and her intellectual ability was in the low average range (Tr. 647). Dr. Easton-Hogg diagnosed depression and attention deficit disorder and assigned her a global assessment of functioning (GAF) of 70, indicating some mild symptoms or some difficulty functioning, but generally functioning pretty well (Tr. 648).

5

The ALJ noted that, despite these normal findings, Dr. Easton-Hogg opined that Plaintiff was moderately impaired in her ability to perform even simple tasks (Tr. 648). Given this inconstancy, the ALJ declined to give great weight to this opinion. Further, As the ALJ observed, Dr. Easton- Hogg found Plaintiff did not have any deficits in attention, concentration, or memory (Tr. 647). This is consistent with various treatment notes in the record which reflect no deficits in attention, concentration, and memory and, most of the time, showed a normal mood (Tr. 14-16, *see* Tr. 395-96, 403-04 (no psychiatric complaints and normal mental status examinations), (Tr. 664 (with normal memory, thought processes, speech, attention, concentration, intellectual functioning, and fund of knowledge, but depressed and anxious mood), Tr. 672 (same, but normal mood), 684 (normal mood, affect, and judgment), 700 (same)). These normal examination findings from the relevant time period undermine Dr. Easton-Hogg's opinion. Under these circumstances, the Court finds no error.

The three remaining opinions rendered by state agency physicians state that Plaintiff had no severe mental impairment.

In addition to the medical opinions, the ALJ considered other evidence in the record, such as Plaintiff's testimony, in considering whether her mental impacted her ability to work. She testified that she helps care for her grandchildren, works in the garden, sews, quilts, and collects old photographs (Tr. 253-54, 257). The Sixth Circuit Court of Appeals has stated that "[a]n ALJ may consider household and social activities engaged in by the claimant in evaluating a claimant's assertions of pain or ailments." *Walters v. Commissioner of Social Security*, 127 F.3d 525, 532 (6th Cir. 1997).

Plaintiff also stated that her problems with attention and concentration were alleviated with medication (Tr. 646). This, too, is relevant in assessing the existence and impact of any impairment on a claimant's functional capacity. *See* Social Security Ruling (SSR) 96-8p.

It is clear that the ALJ carefully and fully considered the record in evaluating Plaintiff's mental impairments and gave good reasons for accepting or discounting the evidence in that regard. The task of this Court is not to reweight the evidence, but, rather, to determine if there is present here "such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401, 91 S.Ct. 1420, 1427, 28 L.Ed.2d 842 (1971). The ALJ's decision satisfies this standard.

### III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**.

A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 9th day of July, 2019.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

7